Mr. Chief Justice ShaRKey
delivered the opinion of the court.
The complainant, as the administrator of Holliman, sold a tract of land, which was purchased by Throckmorton, who conveyed in trust to Elliott, who sold under the deed of trust to the other respondents. The sale by Connell was made on a credit of twelve months, and after the purchase-money became due, he received part of it, and gave indulgence for the balance to Throckmorton, executing a new note, with different sureties, made payable to himself, as guardian of the minor heirs of Holliman, and purporting to have been given for a bona fide loan of money, bearing ten per cent, interest. The bill alleges that the note was made payable to the complainant, as guardian, merely for the purpose of designating the beneficiaries, and that it was expressed to be for a loan of money, in order to entitle the complainant to ten per cent, interest; but that in fact it was taken for the balance due on the sale of the land, and for no other consideration. The defendants are charged with a notice of the lien, and a witness testified that he informed them that Connell claimed a lien upon the land before they purchased at the trustee’s sale.
The ground mainly relied, on in the defence is, that it is incompetent for Connell, by parol evidence, to vary the character of the note, by showing that the land was the consideration, when the note, on its face, expresses the consideration to have been money loaned, and hence that his proof fails. The proof establishes, with sufficient certainty, that the note was given in renewal of the original note.
The statute gives administrators a lien on land sold by them, for the security and benefit of the estate, not for their individual benefit; and it may well be doubted whether an administrator can do any act, short of receiving actual payment, which will discharge the lien. The rights of the estate, or of the distributees, must be looked to, rather than the rights of the administrator, who is but the legal agent through whom the lien is to be enforced.
The rule of law, in regard to the admissibility of parol proof, to vary written instruments, is such as it has been stated to be *107 by counsel ; and it applies to promissory notes as well as to other instruments. 3. Phil. Ev. 1458, n. 976. And although in general the same rule prevails in chancery, yet it is there applied with some modifications. That court carries out the intentions of parties, and if a written instrument does not, either from mistake or fraud, truly express the intention of the parties, then parol evidence is admissible, to give it its proper effect, according to their intention. The heirs of Holliman are the real parties to this transaction. Suppose they had filed this bill, as they might have done, is it not clear that a court of chancery would have permitted them to introduce parol proof, to show the consideration of the second note 1 They are the mortgagees, and any change in the contract which would, in effect, discharge their lien without their consent, would operate as a fraud upon their rights, and thus open the door to have the transaction explained by parol.
But let it be supposed that it was incompetent for the complainant to prove by parol, a different consideration from that which is expressed in the second note exhibited, and that it was really given, as the respondents contend, for money loaned, would that accomplish the respondents’ object 1 The case would then stand divested of the feature given to it by that note. The complainant alleges that he sold and conveyed the land to Throckmorton, for so much money, taking'his note with security, which note is also made an exhibit. He also alleges, that but a small part of the purchase-money has been paid. The respondents denied this, and aver that the whole has been paid. The complainant proves that he,sold the land for the sum alleged, to Throckmorton, who gave the note which is appended to the deposition, with sundry credits indorsed. Charles Lancaster, a witness, made a calculation of the amount due on the note, on the 11th of February, 1840, when Throckmorton expressed his gratification at being able to get indulgence for the balance due. The land was sold at public sale, in pursuance of an order of court, and the sale returned to the court. On this state of facts, the lien created by law attached, and the respondents purchased with notice. The complainant thus *108 shows enough, without the disputed note, to entitle him to a decree. He shows that-the land was sold in, such a manner, as to create the lien for the purchase-money, a part of which is still due. This proceeding is not founded on the note but on the statutory mortgage, given by law to secure the debt, and whilst any part of the debt remains, the lien exists. The note which has been so much contested, is but a matter of evidence, and the case is sufficiently complete without it. , The decree is therefore affirmed.